IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

vs.                                                         3:05cr19/LAC
                                                            3:06cv225/LAC/MD

JEFFREY HILL

## REPORT AND RECOMMENDATION

This matter is before the court upon a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §2255 (doc. 23). The government has filed a response (doc. 25) and the defendant has filed a reply (doc. 26). The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After a careful review of the record and the arguments presented, it is the opinion of the undersigned that defendant has not raised any issue requiring an evidentiary hearing, Rules Governing Section 2255 Cases 8(a) and (b), and that the motion should be denied.

**BACKGROUND and ANALYSIS**

Defendant was charged in a two count indictment with possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g) and making a false statement in the attempted acquisition of a firearm in violation of 18 U.S.C. § 922(a)(6). On March 25, 2005, represented by Assistant Federal Public Defender Robert Dennis, the defendant entered a plea of guilty to both counts of the indictment pursuant to a written plea agreement. (Doc. 15, 16, 17). Pursuant to the plea agreement, defendant agreed that in addition to the prior robbery convictions outlined in the indictment, he had two additional

robbery convictions, "subjecting him to the enhanced penalty provisions under Title 18 U.S.C. Section 924(e)."  (Doc. 16 at 2). The Plea and Cooperation further outlined the penalties he faced under Count One as follows:

> On Count One, if the court determines that Defendant Jeffery Mike Hill has three or more previous convictions for violent felonies or serious drug offenses as required by Title 18, United States Code, Section 924(e), he faces an enhanced minimum mandatory term of imprisonment of 15 years to life.

(Doc. 16 at 3).

The presentence investigation report ("PSR") applied a base offense level of 24, a two level adjustment because the firearm was either stolen or had the serial numbers obliterated, and a three level downward adjustment for acceptance of responsibility, for a total offense level of 23.  However, because defendant qualified for an enhancement under 18 U.S.C. § 924(e) as set forth in the plea and cooperation agreement, in accordance with § 4B1.4(a) and (b)(3)(B) to a base offense level of 33 and a total offense level of 30 after the acceptance of responsibility adjustment.  His criminal history category was VI, due to 4 convictions for robbery and one state drug offense.

Defendant was sentenced to the minimum mandatory term of 15 years imprisonment as an armed career criminal under 18 U.S.C. § 924(c).  He did not appeal.

In the present motion, defendant raises four[1] interrelated grounds for relief.  He contends that the government failed to file or serve a 28 U.S.C. § 851 enhancement notice, that his plea was not knowing and voluntary because of this, that the failure to serve such a notice resulted in sentencing error, and that counsel was ineffective because he failed to raise this as a defense at either the plea colloquy or the sentencing proceeding.  Each of defendant's claims, therefore, is dependent upon the premise that a § 851 enhancement notice must have been filed in his case, a premise that is erroneous.

Title 21 U.S.C. § 851 is part of the Uniform Controlled Substances Act set out in six parts under 21 U.S.C. §§ 801-971.  Title 21 U.S.C. § 851(a)(1) provides:

---

[1] In one of the grounds for relief raised, he merely reiterates the legal standard for ineffective assistance of counsel claims.

> No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions unless before trial, or before entry of a plea of guilty, the United States Attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon.

21 U.S.C. § 851(a)(1). Congress enacted this section and the procedure for filing an information to protect defendants from receiving increased statutory sentences set forth in Part D of the Drug Abuse Prevention and Control Act resulting from prior, incorrectly charged offenses, and to give defendants the opportunity to show that they were not the persons convicted. *United States v. Wallace*, 895 F.2d 487, 489-490 (8th Cir. 1990) (citing *United States v. Bell*, 345 F.2d 354, 356 (7th Cir.), cert. denied, 382 U.S. 882, 86 S.Ct. 175, 15 L.Ed.2d 123 (1965) and *Baca v. United States*, 312 F.2d 510, 513 (10th Cir. 1962), cert. denied, 373 U.S. 952, 83 S.Ct. 1682, 10 L.Ed.2d 706 (1963)). Had defendant been sentenced for a crime proscribed by the Drug Abuse Prevention and Control Act, the government concedes that the statute would have been applicable. But, because his crime did not involve controlled substances, it was not. The cases cited by the defendant in his reply brief[2] do not support his position that a § 851 enhancement must have been filed in a case that did not involved controlled substance violations. Therefore, he is not entitled to relief.

Based on the foregoing, it is respectfully RECOMMENDED:

The motion to vacate, set aside, or correct sentence (doc. 23) be DENIED.

At Pensacola, Florida, this 7th day of July, 2006.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

---

[2]*Harris v. United States*, 149 F.3d 1304 (11th Cir. 1998); *United States v. Brady*, 209 F.3d 1193 (10th Cir. 2000); *United States v. Olsen*, 716 F.2d 850, 853 (11th Cir. 1983); *United States v. Noland*, 495 F.2d 529 (5th Cir. 1974).

*Case No: 3:05cr19/LAC; 3:06cv225/LAC/MD*

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof.  **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.**  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings. See 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).

*Case No: 3:05cr19/LAC; 3:06cv225/LAC/MD*